UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINUS ADAM KOWALEWSKI, | CIVIL ACTION NO.: 12-1202 |
| Plaintiffs | SECTION: |
| VS. | |
| HONGJIN CROWN CORPORATION, | JUDGE: |
| HONGJIN CROWN AMERICA, INC. | MAGISTRATE: |
| HJC AMERICA, INC. | |
| Defendants | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**Plaintiffs' Original Complaint**

The plaintiffs, **Linus Adam Kowalewski** through his attorneys, file this Complaint as follows:

**Parties**

1.

A.   *The Plaintiffs*

The plaintiffs are:

   a. **Linus Adam Kowalewski,** an individual of full age and majority, domiciled in Jefferson Parish.

B.   *The Defendants*

The defendants are:

   i.   Defendant, **Hongjin Crown Corporation**, is a South Korean corporation that is subject to the jurisdiction of this Court, and can be served with service of

process at Hongjin Crown America, Inc., by and through its registered agent George Hong, 16918 Edwards Road, Cerritos, California, 90703.

ii. Defendant, **Hongjin Crown America**, **Inc**. is a California corporation that is subject to the jurisdiction of this Court, and can be served with service of process by serving its registered agent George Hong, 16918 Edwards Road, Cerritos, California, 90703.

iii. **HJC America, Inc. ("HJC America")** is a California corporation that has a principal place of business at 16910 Edwards Avenue, Cerritos, California 90703, HJC America markets HJC's products and serves as a liaison between HJC and several United States distributors.

## VENUE

3.

This Court has jurisdiction under 28 U.S.C. § 1332. There is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.

Venue is proper in this district pursuant to 28 U. S.C. § 1391 because the injury occurred in Jefferson Parish Louisiana

5.

This Court has personal jurisdiction over the defendants who are doing business in the district or who did business in this district at the relevant times.

**BACKGROUND**

6.

On or about May 14, 2011, Plaintiff, Linus Adam Kowalewski, was involved in a Motor Vehicle Accident, at the time he was wearing an HJC CL-15 Cyclone helmet manufactured by Hongjin Crown, Corporation and Hongjin Crown America, Inc., and HJC America.

7.

Mr. Kowalewski was traveling east on Terry Parkway in Gretna, Louisiana when a Lincoln Navigator, driven by Ronald Roberts turn left inform of Mr. Kowalewski. Suzuki Motorcycle.  Mr. Kowalewski was unable to avoid the collision, and struck the right rear side of the Lincoln Navigator.

8.

Mr. Kowalewski suffered Traumatic Brain Injury in the collision, including frontal lobe contusions, and subarachnoid hemorrhage.  He continues to have cognitive function issues, memory problems, confusion, poor insight, and chronic pain as a result of the injury.

9.

The HJC CL-15 Cyclone helmet was manufactured by Hongjin Crown Corporation and Hongjin Crown America, Inc., HCJ America.

**CAUSE OF ACTION AGAINST THE MANUFACTURER UNDER LOUISIANA PRODUCTS LIABILITY ACT**

10.

The HJC CL-15 Cyclone helmet was designed, manufactured, marketed, distributed, and sold by Defendants, Hongjin Crown Corporation, Hongjin Crown America, Inc., and HJC America, in the ordinary course of their business. Defendants, Hongjin Crown Corporation, Hongjin Crown America, Inc., and HJC America  placed the HJC CL-15 Cyclone helmet into

the stream of commerce for sale in the State of Louisiana to the general public as consumers.

11.

At the time the HJC CL-15 Cyclone helmet left the control of Defendants, Hongjin Crown Corporation, Hongjin Crown America, Inc., and HJC America and at the time the Plaintiff, Linus Kowalewski, was injured the HJC CL-15 Cyclone helmet was in a defective condition which was unreasonably dangerous when put to a reasonably anticipated use. The HJC CL-15 Cyclone helmet was unreasonably dangerous to Linus Adam Kowalewski, and other consumers by reason of the defects in design, manufacture, marketing, assembly, inspection, and testing HJC CL-15 Cyclone helmet.

12.

The HJC CL-15 Cyclone helmet was expected to reach and did reach the hands of Plaintiff, Linus Kowalewski, without change in the condition in which it was designed, manufactured, marketed, distributed, and sold. The HJC CL-15 Cyclone helmet was being used by Linus Kowalewski, in a manner intended by Defendants and was in substantially the same condition on or about May 14, 2011 as when it left the control of Defendants.

13.

Defendants, Hongjin Crown Corporation, Hongjin Crown America, Inc., and HJC America, represented that the HJC CL-15 Cyclone helmet would be fit for the ordinary purposes for which it was purchased.

14.

Defendants, Hongjin Crown Corporation, Hongjin Crown America, Inc., and HJC America knew that the HJC CL-15 Cyclone helmet was defective in design, manufacture,

marketing, assembly, inspection, and testing.

15.

In May of 2006, the LRSS (Loudon Road Race Series) officials banded the use of HJC CL and CS model helmets as a result of an increase in serious head injuries in individuals using these helmets in LRSS events. (See Exhibit A)

16.

Under the Louisiana Products Liability Act (LPLA) La. R.S. §9:2800.51, et seq., Defendants are liable for all damages proximately caused by their unreasonably dangerous HJC CL-15 Cyclone helmet.

17.

Mr. Linus Adam Kowalewski injures resulted from normal and foreseeable use of the manufacturers' products.

18.

Defendants designed the HJC CL-15 Cyclone helmet helmets with ventilation holes in the frontal, forehead portion of the helmets that dramatically weakened the structure of the helmet.

19.

At all relevant times, Defendants were in the business of designing and/or manufacturing and/or distributing and/or delivering HJC CL-15 Cyclone helmets.

20.

While so engaged in the design, manufacture and sale of HJC CL-15 Cyclone helmets, Defendants sold helmets to authorized distributors, entities engaged in the business of distributing helmets.

21.

Defendants expected the helmet they designed and/or manufactured and/or distributed and/or delivered to reach consumers or users in the condition in which it was sold to Mr. Kowalewski.

22.

Defendants designed HJC CL-15 Cyclone helmet s with ventilation holes in the frontal, forehead portion of the helmets that dramatically weakened the structure of the helmet.

23.

Defendants designed and constructed the HJC CL-15 Cyclone helmets with an inexpensive polycarbonate shell, which is less impact resistant that other helmet construction materials such as fiberglass.

24.

The design of the HJC CL-15 Cyclone helmet created a defective condition unreasonably dangerous to Mr. Kowalewski.

25.

The unreasonably dangerous condition existed when Defendants sold the product.

26.

The purpose and manner of Mr. Kowalewski use of the helmet, as a safety device, was intended and was reasonably foreseeable by the Defendants.

27.

In the alternative that a design defect did not exist, a mistake and/or accident occurred in the manner Defendants manufactured the HJC CL-15 Cyclone helmet whereby it did not conform to the design, and therefore a defective condition was created.

28.

Defendants' are manufacturers as defined by the LPLA, LA. R.S. §9:2800.53.

29.

The products used by Mr. Kowalewski were in a defective condition and were unreasonably dangerous under normal use at the time the products left each manufacturer's control. Mr. Kowalewski was an intended and foreseeable user of the alleged defective products, Damages and losses to Mr. Kowalewski reasonably could have been anticipated by each manufacturer.

30.

As a result of Defendants' defective HJC CL-15 Cyclone helmet, Mr. Kowalewski was inadequately protected during the May 14, 2011 collision and suffered traumatic brain injuries.

**FAILURE TO WARN**

31.

Defendants inadequately warned Mr. Kowalewski of the reduced strength of the helmet caused by the design and location of the ventilation holes.

32.

The defective condition was reasonably foreseeable by Defendants, and Defendants failed to adequately warn Mr. Kowalewski of the danger caused by the ventilation hole design and polycarbonate shell material.

33.

As a result of Defendants' failure to warn Mr. Kowalewski of the known defective

condition, Mr. Kowalewski was unable to adequately protect himself, and suffered traumatic brain injuries.

34.

As a consequence thereof, the Plaintiffs have suffered damages, including, but not limited to physical pain and suffering, mental anguish, loss of earnings and loss of earning capacity, loss of enjoyment of life for his projected lifetime.

35.

The defects in the Defendants' HJC CL-15 Cyclone helmets are the result of and/or include, but are not limited to, the following:

a. Defendants' product was unreasonably dangerous in design
b. failure to design their HJC CL-15 Cyclone helmet to provide adequate protection during a collision
c. Unreasonably Dangerous due to lack of adequate warning of the HJC CL-15 Cyclone helmets defects and limitations;
d. Failure to properly manufacture, test, market, distribute, and sell the HJC CL-15 Cyclone helmet
e. Failing to properly test the benzene containing product to property evaluate the level
f. Failing to adhere to any and all express warranties of fitness and safety for HJC CL-15 Cyclone helmets.
g. Such other indicia of fault under the LPLA as will be shown at the trial of this matter.

36.

Plaintiffs would show that at the time of the design, manufacture, and marketing of the HJC CL-15 Cyclone helmet, that:

a. There were safer alternative designs;
b. Safer alternative designs would have prevented or significantly reduced the risk of personal injury to Plaintiff without substantially impairing the product's utility; and
c. It was economically and technologically feasible at the time the product left control of Defendants, Hongjin Crown Corporation, Hongjin Crown America, Inc., and HJC America, by application of existing or reasonably achievable scientific knowledge, to produce a safer alternative design.

37.

Plaintiffs allege that the HJC CL-15 Cyclone helmet was unreasonably dangerous due to its defective design, testing, manufacture, and marketing at the time it was placed into the stream of commerce by Defendants, Hongjin Crown Corporation, Hongjin Crown America, Inc., and HJC America. The subject HJC CL-15 Cyclone helmet was unsafe for its intended and reasonably foreseeable use, was more dangerous than the ordinary consumer would anticipate, and the risk posed by the design outweighed the utility of the design, as such HJC CL-15 Cyclone helmet was defective and faulty so as to render it dangerous to the user or consumer. This defective and unreasonably dangerous condition was a proximate and producing cause of Plaintiff's injuries.

38.

The unreasonably dangerous and defective conditions jointly and severally and/or concurrently were a proximate and/or producing cause and a substantial factor in causing the injuries of Mr. Kowalewski

39.

As a proximate result of the Defendants' actions and omissions, Mr. Kowalewski, suffered severe and agonizing pain, mental anguish, and permanent disability.

**NEGLIGENCE**

40.

Defendants had a duty to Mr. Kowalewski to properly design, manufacture, and provide to him a safe helmet.

41.

The Defendants breached their duty by improperly designing and/or manufacturing the model HJC CL-15 Cyclone helmet worn by Mr. Kowalewski,

42.

Defendants knew or should have known that designing and manufacturing a safety helmet with holes in the frontal forehead area would dramatically reduce the strength of the helmet.

43.

Defendants knew or should have known that designing and manufacturing a safety helmet with an inexpensive polycarbonate shell would dramatically reduce the strength of the helmet.

44.

Mr. Kowalewski did not know, and could not in the exercise of reasonable diligence, have discovered Defendants' breach of their duty, nor could he have reasonably discovered the defective design and/or manufacture of the model HJC CL-15 Cyclone helmet.

45.

Defendants' breach of duty to Mr. Kowalewski was the proximate cause of Mr. Kowalewski injuries.

46.

As a consequence thereof, the Plaintiffs have suffered damages, including, but not limited to physical pain and suffering, mental anguish, permanent physical disability, loss of earnings and loss of earning capacity, loss of enjoyment of life, medical and hospital bills, and other damages resulting from Mr. Kowalewski injury, including costs and attorney's fees, in an amount sufficient to invoke the jurisdiction of this Court.

## REDHIBITION

47.

As the manufacturers and distributors, Defendants are responsible of the damages and reasonable attorney fees resulting from the defective HJC CL-15 Cyclone helmet, whether or not they had knowledge of the defect. La. CC. art. 2520, et seq..

48.

Pursuant to La C.C. art. 2545, both the manufacturer and seller of a thing containing a redhibitory vice are responsible.

49.

Defendants, as sellers of the HJC CL-15 Cyclone helmet, were deemed to know that the helmet had a rehdibitory defects.

## **PRAYER**

50.

For the reasons recited above, the plaintiffs ask that HONGJIN CROWN CORPORATION, HONGJIN CROWN AMERICA, INC., AND HJC AMERICA, INC. be cited to appear and answer, and that on final trial, the plaintiffs have:

- **a.** Judgment against HONGJIN CROWN CORPORATION, HONGJIN CROWN AMERICA, INC., AND HJC AMERICA, INC. for the actual, and special damages suffered by the plaintiffs as a result of Defendant's conduct;
- **b.** Costs of suit;
- **c.** Prejudgment and post-judgment interest at the highest rate provided by law;
- **d.** All other and further relief to which the plaintiffs may be entitled under equity and law.

Respectfully Submitted:

*/s/ L. Eric Williams. Jr.*
L. Eric Williams, Jr. (La. Bar No. 26773)
**Williams Law Office, LLC**
433 Metairie Rd., Suite 302
Metairie, Louisiana 70002
Telephone: (504) 832-9898
Facsimile: (504) 834-1511
E-mail:eric@ amlbenzene.net
-And -

_s/ Amber E. Cisney_____
Richard J. Fernandez (La. Bar No. 5532)
Amber E. Cisney (LA. Bar. No. 28821)
**Law Offices of Richard J. Fernandez, LLC**
3000 West Esplanade Avenue, Suite 200 Metairie, Louisiana 70002
Telephone:      (504) 834-8500
Facsimile:       (504) 834-1511
E-mail: rick@rjfernandez.com
acisney@rjfernandezlaw.com
**ATTORNEYS FOR PLAINTIFFS**